**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AN WENYING, CAI LIQUN, DAI JING, FAN XIN, et al., individually and as Limited Partners of Godfrey Hotel Fund, LP,<br><br>Plaintiffs,<br><br>v.<br><br>GODFREY HOTEL FUND GP, LLC; JOHN W. RUTLEDGE; DAVID FINKELSTEIN; OXFORD CAPITAL GROUP, LLC; and OXFORD 127 HURON HOTEL VENTURE PROPERTY COMPANY, LLC,<br><br>Defendants. | Case No. 1:26-cv-08533<br><br>Removed from the Circuit Court of Cook County, No. 2026 CH 05551<br><br>Hon. John J. Tharp, Jr. |

**DEFENDANT DAVID FINKELSTEIN'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY, AND FOR A STAY OF PROCEEDINGS PENDING RULING ON THE PLAINTIFFS' MOTION TO REMAND**

Defendant David Finkelstein ("Finkelstein"), by his attorneys, respectfully moves[1] this Court for an order (1) permitting narrowly-tailored jurisdictional discovery concerning the factual issues raised by Plaintiffs' Motion to Remand (ECF 16-17), and (2) staying the proceedings generally pending completion of such discovery. In support thereof, Finkelstein states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiffs filed the underlying complaint in this case in the Chancery Division of the Circuit Court of Cook County on June 10, 2026. (ECF 1-2). This case relates to EB-5

[1] As of the date of this filing, none of the Defendants have been formally served with process. Because formal service has not occurred, Defendant Finkelstein is appearing for the limited purpose of opposing remand and preserving all defenses available under the Federal Rules.

investments and financing associated with the Godfrey Hotel.

2. On July 18, 2026, Finkelstein removed this case to federal court based on diversity jurisdiction. (ECF 1).

3. Plaintiffs' complaint states that all of the Plaintiffs are "foreign investors" and "citizens of the People's Republic of China." (ECF 1-2, ¶¶2, 26, 39).

4. On July 21, 2026, the Court entered a minute order stating the following:

> Upon review of the complaint, it fails to adequately plead subject matter jurisdiction. The complaint asserts jurisdiction pursuant to 28 U.S.C. § 1332; however, plaintiffs may not rely solely "on information and belief" in order to establish diversity jurisdiction. *Qin v. Deslongchamps,* 31 F.4th 576, 578-81 (7th Cir. 2022); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992) (stating that "to the best of my knowledge and belief" is insufficient to plead diversity). Accordingly, the plaintiff is granted leave to amend to address this issue by 7/28/2026. Failure to timely and adequately amend may result in dismissal of the case.
> (ECF 8.)

5. The Plaintiffs filed a response on July 28, 2026 asserting essentially that it was not their duty to provide that information since it was Finkelstein who removed the case. (ECF 9).

6. Finkelstein filed a Second Amended Notice of Removal on July 28, 2026 (ECF 12), and Plaintiffs filed their Motion to Remand (hereinafter, the "Motion") on August 17, 2026. (ECF 16-17Plaintiffs' Motion claims that diversity jurisdiction is lacking due to certain Plaintiffs being domiciled in New York and/or California at the relevant jurisdictional times. *Id*. However, Plaintiffs' Motion relies almost wholly on declarations from Plaintiffs Huang Xiaolan and Sun Wenjing (ECF 16-17) which claim that Huang and Sun were lawful permanent residents ("LPRs") domiciled in New York and California, respectively, at the time the Complaint was filed and the Second Amended Notice of Removal was filed.

7. As explained herein, Finkelstein should be granted a reasonable opportunity to obtain the underlying jurisdictional facts before the Court determines whether the declarations attached to the Motion establish the absence of federal jurisdiction.

## II. APPLICABLE LAW

8. Although Defendants bear the burden of establishing complete diversity, the Seventh Circuit has recognized that contested jurisdictional facts may require evidentiary development in some situations. See *Dancel v. Groupon, Inc.*, 940 F.3d 381, 386 (7th Cir. 2019).

9. For removed cases relying on diversity jurisdiction, the Seventh Circuit has held that diversity of citizenship must exist at two precise moments: (1) when the state court action is commenced, and (2) when the notice of removal is filed. See *Altom Transport, Inc. v. Westchester Fire Ins. C*o., 823 F.3d 416, 420 (7th Cir. 2016).

10. Under 28 U.S.C. § 1332(a)(2), an LPR is treated as a citizen of the state in which the resident is domiciled for purposes of diversity jurisdiction; and, no diversity jurisdiction exists if the permanent resident is domiciled in the same state as the opposing party.

11. District courts in this Circuit regularly permit limited discovery where factual development is necessary to resolve a jurisdictional issue. See, e.g., *McInnis v. SureStaff, LLC*, No. 21 C 0309, 2021 WL 4034072, at *2 (N.D. Ill. Sept. 3, 2021)(granting leave to take discovery "limited to the issue of the citizenship" of proposed class members prior to ruling on the motion to remand). "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978). See also *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3818881, at *3–4 (N.D. Ill. Aug. 10, 2018) (ordering limited jurisdictional discovery and declining to proceed to the merits until the jurisdictional issues were resolved).

## III. LIMITED DISCOVERY IS NECESSARY

12. The declaration of Huang Xiaolan attached to the Motion states "[m]y current residence is in New York." But the declaration is dated August 17, 2026. (ECF 16-1). The declaration does not address Huang Xiaolan's residence as of any particular date. The declaration attached to the Motion as Exhibit B has similar deficiencies.[2]

13. Plaintiffs should not be able to obtain remand based on unsupported factual assertions that provide information which differs from the complaint. As noted, regarding the diversity jurisdiction inquiry, Plaintiffs' complaint states only that the Plaintiffs were "foreign investor[s]" and "citizen[s] of the People's Republic of China." (ECF 1-2, ¶¶2, 26, 39). The complaint never stated that 15 of the Plaintiffs are "citizens" of New York and/or California, as they are now alleging in the Declarations. The complaint also did not state that any of the Plaintiffs have been granted LPR status in the US. The declarations attached to Plaintiffs' Motion include only vague, general allegations about the domicile and immigration status for a select few of the Plaintiffs, and not a single document was attached to those declarations.

14. Plaintiffs are attempting to use these domicile-specific facts to claim that they entitled to an exception to diversity/ alienage jurisdiction. But they've obscured the details of those facts, and are asking the parties, attorneys, and courts to rely on them despite that.

15. Here, Finkelstein seeks only the information necessary to evaluate the jurisdictional facts underlying Plaintiffs' Motion to Remand, as they differ from the information contained in the Complaint. Only the Plaintiffs themselves are in possession of information regarding their

[2] In addition to Huang Xiaolan and Sun Wenjing, who e-signed the declarations attached to the Motion as Exhibits A and B, the Motion states in a footnote that "13 plaintiffs are lawfully admitted as permanent residents and are domiciled in California." (ECF 17, pg. 5). Those 13 additional Plaintiffs are not identified by name in the Motion to Remand.

domicile specifically for the June 10, 2026-August 5, 2026 time period. As a result, limited discovery on the issue of the domicile of the Plaintiffs referenced in the Motion is necessary.

16. Accordingly, in the interest of judicial efficiency, Finkelstein requests that the Court stay the briefing schedule on Plaintiffs' Motion to Remand pending completion of the requested jurisdictional discovery. And, even though Defendants' deadlines to respond to the Complaint have not yet begun to run because this action was removed before service, Finkelstein also respectfully requests that the Court stay any deadlines for Defendants responding to the Complaint, pending resolution of the Motion to Remand. Doing so will avoid unnecessary procedural uncertainty while the Court considers the threshold issue of federal jurisdiction.

WHEREFORE, Defendant David Finkelstein respectfully requests that this Court enter an Order: (i) granting this Motion; (ii) permitting Finkelstein leave to conduct limited jurisdictional discovery concerning domicile of the 15 plaintiffs referenced in the Motion during the time periods at issue; (iii) staying all deadlines associated with responding to the complaint and the briefing schedule for the Motion entered on August 18, 2026 (ECF 18); and (iv) granting such other relief as the Court deems appropriate.

Dated: August 20, 2026

Respectfully submitted,

DAVID FINKELSTEIN, Defendant
By: /s/ Shannon V. Condon

Thomas G. Gardiner
Shannon V. Condon
John D. Scheflow
GARDINER KOCH WEISBERG & WRONA
121 W. Wacker Dr., Suite 3600
Chicago, IL 60601
312/362-0000
312/362-0440 Fax
tgardiner@gkwwlaw.com
scondon@gkwwlaw.com
jscheflow@gkwwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Shannon V. Condon